NORRIS *v.* AMERICAN STEAM PUMP CO.

1. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
   Plaintiff may not complain because court submitted issue of illegal employment as one of fact for jury, where it was in accordance with her request.

2. MASTER AND SERVANT—MINORS—INSTRUCTIONS.
   Giving defendant's requests to charge without explaining that they applied only in case plaintiff's employment was found to be legal was error (2 Comp. Laws 1929, § 8325).

3. SAME—DAMAGES—INSTRUCTIONS.
   Where, in action by minor for injuries to her hands caused by chemical used in her employment, evidence was such that jury could well have found that she was entitled to damages for past and not present condition of her hands, instruction failing to make such distinction was error.

4. SAME—UNLAWFUL EMPLOYMENT OF MINOR—PRESUMPTIONS.
   Unlawful employment of minor, once shown to exist, is presumed to continue in absence of proof or circumstances indicating change.

Error to Calhoun; Hatch (Blaine W.), J. Submitted June 2, 1931. (Docket No. 21, Calendar No. 35,402.) Decided June 25, 1931.

Case by Norma Norris, a minor, by next friend, against American Steam Pump Company, a Michigan corporation, for personal injuries received while in defendant's employ. Judgment for defendant. Plaintiff brings error. Reversed, and new trial ordered.

*Emil E. Storkan* and *Claude S. Carney,* for plaintiff.

*Joseph W. McAuliffe,* for defendant.

Fead, J.   December 6, 1925, Norma Church, the real plaintiff, 15 years old, was employed by defendant to develop blue prints, which required her to put her hands in potassium bichromate, a caustic poison and skin irritant.   Her hands became sore in February.   There was ample testimony that the condition was caused by the chemical.   She claims the affection has continued, although with recurring periods of temporary improvement, and is permanent.   Defendant claims she was cured of the first irritation and later developed a different skin disease not attributable to the employment.

When she was employed, no permit was filed with defendant as required by the child labor law, 2 Comp. Laws 1929, § 8325.   She was hired by Edwin H. Davis, sales engineer of defendant.   She claims neither he nor anyone else gave her instructions as to the use of the solution, its dangers, nor furnished her with gloves until after her hands became sore.   Mr. Davis testified he knew the chemical was a poison, might make the hands sore if gloves were not used, would irritate the skin if there were any sores or breaks on it, and that he told plaintiff that "possibly if she had any open sores on her hands there might be a possibility of some slight infection."

There was other evidence that she was instructed to wear gloves, but no testimony of other warning of danger or other reason for wearing gloves.   See *Fox* v. *Peninsular White Lead & Color Works,* 84 Mich. 676.

Defendant had verdict of a jury and judgment.

Plaintiff contends that, because the fact of her illegal employment was undisputed, defendant's

negligence was established. *Grand Rapids Trust Co.* v. *Petersen Beverage Co.*, 219 Mich. 208, and the court erred in charging upon the common-law elements of negligence. In plaintiff's requests to charge, the issue of illegal employment was presented as one of fact for the jury, and she cannot complain because the court so submitted the case.

We think, however, there was error in the manner of giving defendant's requests to charge upon common-law negligence, because it was not explained that they applied only in case the employment was found to be legal. As the charge reads, the requests were interpolated in connection with the claim that the employment was illegal. Complaint is also made of some of the particular instructions on negligence, but it is not necessary to discuss them because, on a new trial, the issue doubtless will be more narrow.

There was error in the instruction:

"I further charge you that if you find under the evidence in this cause that plaintiff's injuries were not due to her employment, or if they were, that they were cured and some other cause is responsible for her present condition, and that defendant's negligence is not the proximate cause thereof, then plaintiff cannot recover."

The evidence that part of plaintiff's injuries were due to her employment was quite persuasive. The tracing of later condition of her hands to the employment was not so clear. The jury could well have found her entitled to damages for a past injury and not entitled for the present condition.

Defendant contends that while the original employment was unlawful, it was not shown that a permit had not been filed thereafter and before the injury. It does not claim that such a permit was filed. The condition of unlawful employment, once

shown to exist, is presumed to continue in the absence of proof or circumstances indicating a change.

Judgment reversed, and new trial ordered, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.