## SALINAS v. NEW AMSTERDAM CASUAL-TY CO.

### No. 7076.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1933.

G. Woodson Morris, of San Antonio, Tex., for appellants.

830

T. M. West and Nat L. Hardy, both of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.) to recover damages for injury to an employee. At the close of the evidence, the trial court, being of opinion that the evidence submitted was insufficient to prove the injury complained of, directed a verdict for the defendant insurance carrier. Plaintiffs appeal on the ground that it was error to take the case away from the jury.

Salinas, the employee who it is alleged was injured, was a cement finisher, and had been employed for a number of years in cement work. In May, 1931, while he and twelve or thirteen others were spreading cement in constructing concrete floors, he became sick and complained that he had either cold or catarrh; that his nose pained him; and that it was difficult for him to breathe. Two of his fellow workers testified that a "good deal" of dust came from the cement which they were spreading; one said that the men could not see very well on account of the dust, but none of them except Salinas became sick, and it does not appear that there was an unusual amount of dust. Salinas did not recover sufficiently to return to his work for any length of time, but was taken to a hospital and there treated by a physician. His wife and another witness testified that some time in June the physician removed from his nose several small particles or lumps of foreign matter, the largest of which was the size of a grain of rice. However, they did not examine what appeared to them to be foreign matter, and that physician was not called as a witness. In July or August another physician was called. He testified that he found Salinas suffering from an abscess of the brain, and that this abscess was the cause of his death which occurred some time later; that he made no examination for sinus trouble, but that the abscess could have been caused by inflammation resulting from sinus infection; and that such infection, assuming it existed, might have been either chronic and gradual or acute and sudden.

An injury, for which recovery may be had under the Workmen's Compensation Law of Texas, must not only originate in the work or business of the employer, but must also be accidental. Middleton v. Texas Power & Light Co., 108 Tex. 96, 109, 185 S. W. 556. Injury resulting from accident is something which occurs unexpectedly and not in the natural course of events, and must be capable of being traced to a definite time, place, and cause. "A disease acquired in the usual and ordinary course of employment, which from common experience is recognized to be incidental thereto, is an occupational disease and not within the contemplation" of the act. Barron v. Texas Employers' Insurance Association (Tex. Com. App.) 36 S.W.(2d) 464, 465. In our opinion the case made by the plaintiffs fails to measure up to these requirements of the law. It is not satisfactorily shown that any particles of congealed foreign substance were removed from the employee's nose. The witnesses who testified in regard to this subject were not in a position to testify of their own knowledge to the fact, but were merely expressing an opinion which was unsupported by the physician who could have given positive testimony. Assuming the presence of small particles of solid cement, it is mere speculation to conclude that in some manner they found their way into Salinas' nose just before he was taken sick. Salinas may have inhaled some cement dust at that time, but it is only a remote possibility that he then inhaled solid particles of cement. If it be assumed that he inhaled cement dust which afterwards became congealed in his nose, it is just as consistent with the evidence that he did so at some previous time as on the particular occasion in question. Besides, if his nose became infected from cement dust inhaled at any time, he was suffering from an occupational disease, for which, as we have seen, there could be no recovery. The testimony was to the effect merely that on the occasion in question there was considerable dust, as naturally there would be at a place where dry cement was being spread by a dozen or more workmen. The evidence does not disclose that there was an unusual amount of dust or that there was anything in connection with the work which occurred unexpectedly or suddenly. The cases of Barron v. Texas Employers' Insurance Association, supra, and Brown v. English, 159 Okl. 208, 15 P.(2d) 17, which are strongly relied on by the plaintiffs, are easily distinguished. In the Barron Case it appeared that the employee inhaled gas which in an unusually heavy volume was suddenly discharged upon him. In the Oklahoma case a gust of wind blew a large quantity of cement into the employee's mouth and much of it lodged in his

lungs. In neither of these cited cases was there any doubt as to the employee's serious injury at a definite time, or as to the cause of it. All that was here definitely shown was that the employee died from an abscess of the brain. The physician who treated him for that disease made no attempt to discover, and did not claim to know, the cause of it. What caused the abscess is a matter of mere conjecture. It was therefore not error to direct a verdict for the defendant.

The judgment is affirmed.