## DAILEY v. RIVER RAISIN PAPER CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WORKMEN'S COMPENSATION ACT—ORDER OF DISMISSAL.
   Question of right of employee to sue employer in action at law, both being subject to workmen's compensation act, is not reviewable on appeal from order dismissing declaration.

2. SAME—ORDER OF DISMISSAL—DECLARATION ASSUMED TRUE.
   Statements in plaintiff's declaration are assumed to be true on review of order of dismissal.

3. MASTER AND SERVANT—OCCUPATIONAL DISEASE.
   An occupational disease is one arising from causes incident to the patient's occupation.

4. SAME—ACCIDENTAL INJURY—REMEDY.
   Plaintiff, an employee of defendant, whose lungs were injured when poisonous fumes penetrated damaged gas mask when he welded metal patches on the interior of an insufficiently ventilated water tank, suffered an accidental injury for which redress is provided under the workmen's compensation act, not in a court of law (2 Comp. Laws 1929, §§ 8410, 8478).

5. SAME—APPEAL AND ERROR—WORKMEN'S COMPENSATION ACT—QUESTIONS REVIEWABLE.
   Order denying recovery under workmen's compensation act from which no appeal was taken is conclusive on the Supreme Court and no review thereof is made on appeal from order dismissing declaration in action at law.

6. SAME—ELECTION OF REMEDIES—RES JUDICATA.

Subsequent action at law was barred where claim for compensation for injuries received in course of employment was presented to department of labor and industry and no appeal was taken from order of denial, since plaintiff elected his forum and is bound by its decision, the doctrine of *res judicata* being applicable to proceedings of the department although it is not a court.

7. SAME—ELECTION OF REMEDIES—RELEASE OF EMPLOYER.

Employee having submitted his claim for compensation for injuries received while in the course of his employment to department of labor and industry for arbitration, the employer was released from "all claims or demands at law, if any, arising from such injury" (2 Comp. Laws 1929, § 8478).

Appeal from Monroe; Root (Jesse H.), J. Submitted October 4, 1934. (Docket No. 88, Calendar No. 37,899.) Decided December 10, 1934.

Case by Theodore Dailey against River Raisin Paper Company, a Michigan corporation, for personal injuries sustained while working in water tank, alleged to be due to defendant's negligence. From order dismissing declaration, plaintiff appeals. Affirmed.

*A. Lewis Fineberg* and *Daniel P. O'Brien*, for plaintiff.

*E. Dean Alexander* and *Golden, Nadeau & Fallon*, for defendant.

BUSHNELL, J. This is an appeal from an order dismissing an action at law. The declaration states that plaintiff sustained injuries while in the employ of defendant because of failure to keep its machinery and equipment in a reasonably safe condition; that he was negligently ordered to work in a water tank, brazing or welding bronze or brass patches over

holes on the interior of the tank, which, not being properly ventilated, caused poisonous fumes to penetrate a useless and damaged gas mask and enter plaintiff's lungs; and that plaintiff, ever since the date of the injury, March 29, 1932, has been totally and permanently injured. Both plaintiff and defendant were subject to the workmen's compensation act of this State (2 Comp. Laws 1929, § 8407 *et seq.*).

The record contains an order of the department of labor and industry dated September 27, 1933, denying compensation and affirming an award of the deputy commissioner, who found on March 27, 1933, that plaintiff did not suffer an accident within the meaning of the workmen's compensation law. No appeal was taken from the order of the commission and the law action was begun on November 13, 1933.

The theory on which the law action is brought is that the plaintiff is either suffering from an occupational disease caused by the inhalation of poisonous fumes from which his employer negligently failed to protect him, or that he sustained an injury because of the negligence of defendant, and that as the workmen's compensation law provides no redress for such an injury or disease, an action at law will lie.

In other jurisdictions it is held that the workmen's compensation law does not bar an injured employee from suing his employer at law for an injury for which no recovery is provided by the terms of the act. *Smith* v. *International High Speed Steel Co.,* 98 N. J. Law, 574 (120 Atl. 188); *Trout* v. *Wickwire Spencer Steel Corp.,* 195 N. Y. Supp. 528; *Donnelly* v. *Minneapolis Manfg. Co.,* 161 Minn. 240 (201 N. W. 305), and *Zajkowski* v. *American Steel & Wire Co.,* 169 C. C. A. 147 (258 Fed. 9, 6 A. L. R. 348), (based on an Ohio statute), but all of these must be considered in the light of applicable statutes.

The compensation law of this State provides in 2 Comp. Laws 1929, § 8410, as to employers coming under the act:

"Nor shall such employer be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee, for which death or injury compensation is recoverable under this act," etc.,

—and as to acts of employees, 2 Comp. Laws 1929, § 8478, reads:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

Whether, notwithstanding the language of the above sections, an employee can have recovery in a court of law for an occupational disease, after having unsuccessfully sought the aid of the commission, is a question which is unnecessary to determine on this appeal. In reviewing an order of dismissal, the statements of plaintiff's declaration are assumed to be true. In this case plaintiff's declaration definitely localizes the alleged injury as to time and place—the time being March 29, 1932, and the place, in the tank of the defendant where the particular work was to be performed. An injury which may be so localized hardly seems to fit the definition of an occupational disease as stated by the court in *Adams* v. *Acme White Lead & Color Works,* 182 Mich. 157, 160

(L. R. A. 1916A, 283, Ann. Cas. 1916D, 689, 6 N. C. C. A. 482), as

"A disease arising from causes incident to the patient's occupation, as lead poisoning among painters.   *   *   *   'It is a matter of weeks or months or years.'   *   *   *   It is drop by drop, it is little by little, day after day for weeks and months, and finally enough is accumulated to produce symptoms."

On the contrary, we believe plaintiff's injury was of the kind more accurately denominated an accidental injury. In *Williams* v. *Missouri Valley Bridge & Iron Co.,* 212 Mich. 150, air was allowed to escape too rapidly from an air-tight compartment, with the result that Williams became affected with "caisson disease," and released his hold on the ladder and fell on the head of the man below him, striking on his stomach and chest, and later striking his head against the side of the shaft. He was removed from the locker and given medical aid, but survived only a few hours. Mr. Justice BIRD analyzed the evidence and the court agreed with his conclusion that:

"In this inattention and neglect we find the unusual thing—the happening—the accident."

In a similar case, *Beaty* v. *Foundation Co.,* 245 Mich. 256, the packing about the cable, passing into the lock box, leaked air and accelerated decompression to the point of causing the workman to become ill, resulting in his death. Mr. Justice WIEST, speaking for the court, said, in speaking of caisson sickness:

"But when it is caused by a fixed and single fortuitous and preventable circumstance it is not an occupational disease but an accident within the meaning of the workmen's compensation law."

Therefore, as plaintiff's injury is of the kind for which the workmen's compensation law provides redress, he has no standing in a court of law.

We do not determine that the commissioner's finding that plaintiff was not entitled to any recovery was erroneous, nor would there be any justification for our so doing at this time. Plaintiff having failed to appeal from the order of the commission, its findings are conclusive in this court.

In *Sotonyi* v. *Detroit City Gas Co.*, 251 Mich. 393, a case similar to the present one, Mr. Justice NORTH, speaking for the court, said:

"It conclusively appears she elected her forum and pursued her remedy before the commission to a final and adverse conclusion. She is bound thereby. 2 Comp. Laws 1915, § 5488 (being 2 Comp. Laws 1929, § 8478) ; *Varga* v. *Detroit Edison Co.*, 240 Mich. 593, and *Simon* v. *Cadillac Motor Co.*, 242 Mich. 93."

And in *Besonen* v. *Campbell*, 243 Mich. 209, we held that while the department of labor and industry is not a court, still the doctrine of *res judicata* applies to its proceedings.

According to the authorities and the facts, plaintiff suffered an injury. Both he and his employer were subject to the provisions of the workmen's compensation act. The employee filed a claim with the employer and the question was submitted to the department for arbitration. The provisions of 2 Comp. Laws 1929, § 8478, having been satisfied by such action, the employer was released from "all claims or demands at law, if any, arising from such injury."

The order dismissing the cause is affirmed, with costs against appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.