CURLEY *v.* BERYLLIUM CORPORATION.

1. WORKMEN'S COMPENSATION — CHRONIC BRONCHITIS — BERYLLIUM CHLORIDE—GAS—ACCIDENTAL INJURY.

> Chronic bronchitis acquired by plaintiff, a journeyman electrician, breathing chlorine gas for several days that was released unexpectedly, when silica tubes broke in furnaces used in producing beryllium chloride, near which he was installing some machinery, *held*, an accidental injury arising out of and in the course of his employment and not an occupational disease.

2. SAME—SUBSTITUTION FOR ACTIONS AT LAW.

    The workmen's compensation act is a substitute for former actions at law and filing a claim for personal injury under the act releases an employer from all claims or demands at law, if any, arising from such injury (2 Comp. Laws 1929, §§ 8407 *et seq.*, 8478).

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION—ACCIDENTAL INJURIES.

    The forum for adjudication of differences between those who have submitted themselves to the control of the workmen's compensation act, provided accidental injuries arising out of and in the course of the employment are involved, is limited to the department of labor and industry and an injured employee's proper remedy from adverse decision by such department is by way of appeal in nature of certiorari to Supreme Court therefrom rather than proceeding in an action at law.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FINDING OF DEPARTMENT OF LABOR AND INDUSTRY.

    Supreme Court, on appeal from judgment in action at law, will not pass upon finding of department of labor and industry, where the department's finding is not before the court.

Appeal from St. Clair; George (Fred W.), J. Submitted October 20, 1936. (Docket No. 41, Calendar No. 39,121.) Decided December 8, 1936.

Case by Clarence V. Curley against The Beryllium Corporation, a Delaware corporation, for injuries caused by chlorine gas. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Clark C. Coulter,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

BUSHNELL, J. Three questions are involved in this appeal:

(1) Is plaintiff entitled to recover at common law under the pleadings and proofs?

(2) Is plaintiff's injury one over which the department of labor and industry had jurisdiction under the workmen's compensation act?

(3) Is plaintiff barred from suing in a court of law by reason of the proceedings taken before the department of labor and industry?

The first question was not determined by the trial court and the other two were answered in the affirmative by a directed verdict for defendant.

Late in 1931 defendant moved its plant and equipment from Cleveland, Ohio, to Marysville, Michigan, where plaintiff, who is an electrician by trade, worked for several days helping unload this equipment and for almost two months thereafter assisting in its installation.

Defendant's business, as indicated by its name, is that of manufacturing beryllium products, among which is beryllium chloride. In this instance, the chlorination of beryllium was accomplished through a heating process. A silica tube, about five feet long and eight inches in diameter, charged with beryllium oxide mixed with carbon, was suspended in a heated furnace. Liquid chlorine was admitted into the base of the tube which vaporized as it ascended and by this means powdered beryllium chloride was deposited in a box-like compartment at the top of the silica tube.

At the Cleveland plant, gas was used for heating, but at Marysville gas was not available and oil was used as fuel for the furnace. When gas is used, the normal life of the silica tubes is from four to six weeks, but trouble developed immediately, because of the oil heat; the tubes cracked, releasing chlorine gas into the room where the furnaces were located and in which plaintiff was working. Chlorine gas is greenish-yellow in color and is heavier than air,

hence it tends to descend to the ground, but as it mixes with the air it becomes diffused, is lighter and less visible, and moves about the surrounding atmosphere depending upon the air currents.

Several weeks were spent by defendant in ascertaining that the change in fuel from gas to oil was causing the trouble and this difficulty was finally overcome by the construction of combustion chambers on the sides of the chlorination furnaces. Some additional time was consumed in experimentation to determine the proper size, etc., of the combustion chambers.

Plaintiff Curley, who is a journeyman electrician, without any knowledge of chemistry, noticed the peculiar odor in the plant several days after the furnaces were started and says that it caused him to cough and to have difficulty in breathing. Curley's duties did not require him to work directly on the processes of manufacturing but rather upon the installation of necessary machinery. When he experienced these difficulties, he expressed alarm to his superior, Arnold, and said:

"Well, I guess I won't live through this long." He testified that Arnold replied:

"The first hundred years is the hardest, Curley," and Curley added, "I took it at that." On January 8, 1932, Curley was unable to work any longer because of shortness of breath; he went to his home and was treated on the 11th by Dr. Meredith to whom he was sent by his employer. This physician stated that Curley had shortness of breath and difficulty in breathing due to moisture in his lungs as a result of irritation of the lining of the bronchi and the small air cells. Plaintiff received medical treatment for some time and absolute rest was enjoined in order to remedy the chronic bronchitis resulting from his exposure to the released chlorine gas. He

filed a claim for compensation which was denied by the department of labor and industry on the ground that the disability was not the result of an accidental injury within the meaning of the compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). Curley did not apply to this court for leave to appeal from this determination, but sometime later instituted a common-law action, claiming negligence on the part of his employer.

At the close of all the proofs, the court granted defendant's motion for a directed verdict, stating in part:

"It is the opinion of this court that an injured party, in the event of an accident, to recover must present the case to the department of labor and industry and can only have his case reviewed in the circuit court provided he is suffering from an occupational disease.

"It cannot be both. It must be one or the other. An injury from an accident need not be the result of a single event, but may be from an occurrence and subsequent recurrences, and the department would have jurisdiction if the plaintiff were able to prove his right to compensation. From an examination of the records of the department, it seems that the plaintiff's claim before that department was based upon an event which happened on a certain date and that department found that such was not the case. Had the plaintiff set forth in his claim a continuing condition which resulted in his present physical status, it might have resulted in a different finding.

"The proofs in this case and also the admission of plaintiff show that it is not an occupational disease, but an accident over which the court, under the workmen's compensation act,[*] has no jurisdiction and, therefore, the motion of defendant for a directed verdict of not guilty is hereby granted."

[*] See 2 Comp. Laws 1929, § 8410.—REPORTER.

Appellant argues that under the common law and the authority of *Fox* v. *Peninsular White Lead & Color Works,* 84 Mich. 676, he is entitled to recover damages because of his master's failure to provide him with a safe place in which to work, to warn him of the danger of chlorine gas and to furnish him with a gas mask and other protecting safety appliances. He also cites as supporting his action *Koetsier* v. *Cargill Co.,* 241 Mich. 370, *Norris* v. *American Steam Pump Co.,* 255 Mich. 144, and *LaPointe* v. *Chevrette,* 264 Mich. 482.

He urges that, if read in the light of *Adams* v. *Acme White Lead & Color Works,* 182 Mich. 157 (L. R. A. 1916 A, 283, Ann. Cas. 1916 D, 689, 6 N. C. C. A. 482), our recent opinions in *Dailey* v. *River Raisin Paper Co.,* 269 Mich. 443, and *Twork* v. *Munising Paper Co.,* 275 Mich. 174, may be distinguished. The latter was decided after adjudication of this case in the circuit court.

Section 8478, 2 Comp. Laws 1929, reads:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

This section is analyzed in the brief of appellant and many authorities from other jurisdictions are cited in support of the argument that plaintiff is not barred from suing at common law and the *Dailey* and *Twork Cases, supra,* are again discussed and plaintiff's distinctions emphasized.

Appellee contends that the *Dailey* and *Twork* opinions, *supra,* are controlling, and it is further argued that plaintiff failed to establish the essential elements required by the common law in an action of negligence. See *Toomey* v. *Eureka Iron & Steel Works,* 89 Mich. 249, and *Pinkley* v. *Railroad Co.,* 246 Ill. 370 (92 N. E. 896, 35 L. R. A. [N. S.] 679).

We are aware of the claimed hiatus in the law with respect to these kinds of accidents and we have indicated in *Twork* v. *Munising Paper Co., supra,* that this problem is legislative rather than judicial. It may also be noted that subsequent to our opinion in *Dailey* v. *River Raisin Paper Co., supra,* Dailey's application for leave for belated appeal in the nature of certiorari from the determination of the department of labor and industry was granted.

In the instant case, appellant stated at the trial:

"We * * * take the position that there was not any accident here * * * also * * * there is no occupational disease. * * * Our theory is that this man was injured by reason of the negligence of this defendant and therefore he must have a right to recover. * * * The legislature in passing the workmen's compensation law did not intend to take away from any man a right to compensation when he was injured."

Many of plaintiff's present arguments are given in the dissenting opinion of Mr. Justice POTTER in the *Twork Case, supra,* but notwithstanding the strength of our Brother's views, we held that where "plaintiff's injuries arose out of and in the course of his employment and * * * it may fairly be said plaintiff's injuries were the result of accident. * * * The act is a substitute for former rights of action and any law actions which might remain unaffected by the substitution may effectually be terminated by

part 6, § 1, thereof (2 Comp. Laws 1929, § 8478)," therein and herein quoted.

The injury from which plaintiff is suffering does not fit the "drop by drop, * * * little by little, day after day, for weeks and months" definition of an occupational disease as given in *Adams* v. *Acme White Lead & Color Works, supra.* It was caused by the accidental release of chlorine gas which escaped when the silica tubes were accidentally broken by the heat generated by the burning of oil in the furnaces. So far as this record discloses, this unforeseen situation was remedied by immediate inquiry and prompt experimentation, resulting in the construction of combustion chambers on the sides of the furnaces.

Plaintiff's injury was the direct result of an accident, *i. e.,* the unforeseen breaking of the tubes and the fortuitous release of chlorine gas.

For such injury he might have had an action at law under the theory of *Fox* v. *Peninsular White Lead & Color Works, supra* (decided 1891), and the same case, 92 Mich. 243 (1892), but since the enactment of the workmen's compensation act in 1912, the forum for the adjudication of differences between those who have "submitted themselves to the control of the act," provided "accidental injuries" are involved, and provided that these injuries arise out of and in the course of the employment is limited to the department of labor and industry. The *Fox Case, supra,* and companion authorities must be read in the light of the later enactment of the workmen's compensation act.

An analysis of the authorities cited by appellant shows that they may be distinguished from the instant case.

In the *Fox Case, supra,* the accidental element was missing; *Koetsier* v. *Cargill Co., supra,* was a lead poisoning case and decision rested upon the sole ground of defendant's lack of negligence; *Norris* v. *American Steam Pump Co., supra,* involved poisoning by potassium bichromate, but the determining factor in the opinion was the improper manner of giving the charge of common-law negligence; while *La Pointe* v. *Chevrette, supra,* was a claim for damages as the result of osteomyelitis contracted by a minor from exposure which he was ordered to undergo.

The pleadings show that at the time of the accident both plaintiff and defendant had elected to come under the provisions of the workmen's compensation act.

The jurisdiction of the department of labor and industry was exclusive and plaintiff's proper remedy was by application for leave to appeal from the award of the department. We note that the department, in denying plaintiff's petition for extension of time in which to appeal from the award of the deputy commissioner, stated that the department made a finding of fact and law, but such finding is not given in the record. This question not being before us, we cannot pass upon the determination of the department.

The judgment of the circuit court is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL and TOY, JJ., concurred. POTTER and SHARPE, JJ., did not sit.