## FLORIDA POWER & LIGHT CO v. UNITED STATES GUARANTEE CO.
### No. 9365.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1940.

T. J. Blackwell and W. H. Walker, Jr., both of Miami, Fla., for appellant.

H. Reid DeJarnette, of Miami, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The question for decision is whether or not appellee, the insurer, is liable under

the terms of its employer's liability policy to reimburse the insured, appellant, for monies expended by it in a prudent and good-faith settlement of a claim for damages resulting from lead poisoning. Our decision turns upon whether or not the injury sustained was accidentally suffered. The trial court submitted the question to a jury, which returned a verdict for the appellee.

The contract indemnified the insured against liability resulting from personal injuries accidentally suffered, or alleged to have been suffered by reason of accident, by any of insured's employees. While the policy was in force, one Knowles was employed by appellant to scrape the lead sheathing of certain underground cables in Miami, Florida. Knowles and his helper performed this work in underground manholes in which the ventilation was very poor. In most of these manholes, the workers were equipped with a blower, propelled by an electric motor, which forced out the foul air and drew in the pure air; but no electricity was available to propel the blowers in the series of manholes where the injury was sustained, and, equipped only with ineffective masks, the men worked for almost three weeks in atmosphere so laden with lead that their clothing became coated with films of lead dust, and quantities of it were absorbed into their systems through the skin and lungs. Frequently during each day they climbed out to obtain fresh air, but, despite this precaution, each suffered several attacks of acute lead poisoning, and was taken to the hospital in a serious condition before the work was completed.

These facts were promptly communicated to the insurer, which declined either to make any investigation thereof or to defend the subsequently filed suit, in accordance with the terms of the policy, on the ground that the injuries sustained were not indemnified. Thereafter, the insured settled the claim and filed this suit on the insurance contract to enforce reimbursement. The denial of liability by the insurer is based upon two grounds. It contends that the lead poisoning is an occupational disease, and, if not an occupational disease, still it was not accidentally caused. It offered no evidence on the trial below, and the material facts are not in dispute.

We agree with appellant that the lead poisoning, so contracted, was not an occupational disease. These were the first cases of lead poisoning among appellant's employees, although the lead conduits required scraping at regular intervals. During a period of three years, these workmen suffered no ill effects from the performance of their duties in manholes where proper working conditions prevailed, and there is no evidence to show that such duties, so performed, normally result in lead poisoning.

The chain of causation began, not with the commencement of the work on the cables, but with the performance of that work in the dangerous atmosphere of the unventilated manholes. The cause of the malady was not the occupation per se; it was the failure of the company to use reasonable care to provide a reasonably safe place in which to pursue that occupation, or reasonably safe appliances with which to work. This disease was not the usual and necessary incident to the work done, or a gradual development under ordinary working conditions, which are essential characteristics of an occupational disease.[1] Was the injury accidentally sustained? Did it happen by chance or unexpectedly, not according to the usual course of things? Was it undesigned and unintended? Webster's New International Dictionary; Bouvier's Law Dictionary, Rawle's Third Revision; United States Mutual Accident Association v. Barry, 131 U.S. 100, 121, 9 S.Ct. 755, 31 L.Ed. 60.

A disease which is not the ordinary result of an employee's work, not reasonably to be anticipated as a consequence of pursuing same, but contracted by reason of unusual circumstances connected therewith, is an accidental injury. Todd Dry Docks v. Marshall, 9 Cir., 61 F.2d 671. Also, it is an accidental injury if it occurs unexpectedly, not in the course of natural events, and is capable of being traced to a definite time, place, and cause. Salinas v. New Amsterdam Casualty Co., 5 Cir., 67 F.2d 829; Fidelity & Casualty Company of New York v. Neas, 5 Cir., 93 F.2d 137.

In this case, the disease promptly followed an unusual manner of performing the work, without the intervention of any other known cause. For three years, two workmen pursued their occupation under

---

[1] Salinas v. New Amsterdam Casualty Co., 5 Cir., 67 F.2d 829; Cf. Cannella v. Gulf Refining Company, La.App., 154 So. 406.

normal conditions; no illness resulted. For less than three weeks, the same workmen pursued the identical occupation under unusual conditions; both contracted lead poisoning. Thus the line of demarcation in this case is unmistakable, and the disease is directly traceable to a definite time, place, and cause. Cf. Taylor Dredging Company v. Travelers Insurance Company, 2 Cir., 90 F.2d 449. The testimony in behalf of appellant that the injury was unforeseen and unexpected by it is uncontradicted, and the inference is clear that the workmen anticipated no such result.[2] The only reasonable inference that can fairly be drawn from the evidence is that the disease resulted from an injury accidentally suffered within the coverage of the policy.[3] The peremptory instruction requested by the appellant should have been granted.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Cleon K. Calvert, of Pineville, Ky., and Napier & Napier, of Hazard, Ky., for appellant.

Samuel M. Wilson and McDonald & McDonald, all of Lexington, Ky., and Lewis E. Harvie, of Whitesburg, Ky., for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

[2] Cf. Herrell v. Hickok, 57 Ohio App. 213, 13 N.E.2d 358.

[3] Cf. Johnson Oil Refining Company v. Guthrie, 167 Okl. 83, 27 P.2d 814, 90 A.L.R. 616; Barron v. Texas Employers' Insurance Association, Tex.Com.App., 36 S.W.2d 464; Cannella v. Gulf Refining Company, supra; Dailey v. River Raisin Paper Company, 269 Mich. 443, 257 N.W. 857.