CHARLES NAUD, Appellant, *v.* KING SEWING MACHINE COMPANY, Respondent.

Fourth Department, April 4, 1917.

Pleading — action against master for personal injuries — defense alleging that Compensation Commission has disallowed claim — demurrer.

A demurrer to a separate defense contained in the answer of an employer sued by an employee for personal injuries which alleges that the State Workmen's Compensation Commission has determined that the plaintiff's claim was not founded upon an accident and was disallowed should be sustained.

DE ANGELIS, J., dissented.

APPEAL by the plaintiff, Charles Naud, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 13th day of July, 1916, overruling a demurrer to a separate defense contained in the answer.

*Karl A. McCormick,* for the appellant.

*Clinton B. Gibbs,* for the respondent.

KRUSE, P. J.:

1. If the complaint does not state facts sufficient to make out a cause of action, the answer would not be demurrable, although insufficient, because, as has been stated, " a bad answer is good enough for a bad complaint." (*Baxter* v. *McDonnell,* 154 N. Y. 432, 436.)

2. But the complaint states a good cause of action. While some of the allegations of the complaint are germane to a claim under the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.), it does not affirmatively appear by the complaint as a whole that the claim is of that character.

3. The answer setting up the determination of the Commission is insufficient in law upon the face thereof. It appears by the allegations of the answer that the Commission determined that the claim was not founded upon an accident and was disallowed. Such determination is not an adjudication that the claim is covered by the Workmen's Compensation Law, but quite the reverse.

The interlocutory judgment overruling the demurrer should be reversed, with costs, and demurrer sustained, with the usual leave to the defendant to plead over, if so advised, upon the payment of costs.

All concurred, FOOTE and LAMBERT, JJ., in result only, except DE ANGELIS, J., who dissented.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.