# THE KENDALL LUMBER COMPANY AND THE PRESTON RAILROAD COMPANY,

*vs.*

# THE STATE OF MARYLAND, USE OF HANNAH E. SHAFFER.

*Lumber companies: private railroad.    Negligence: injury to workmen returning home on hand-car; not fellow-servants with engineer.   State Industrial Accident Commission: dismissal of complaint no defense to action at law.   Appeals: agreements as to——.*

Where counsel for parties litigant have agreed that the decision of the Court of Appeals in a named case shall control the disposition of kindred ones, then a motion to dismiss the appeal in the first case, order for which was entered prior to formal judgment, will not be entertained because not consonant with the equities of the cause.                         p. 103

The lumbermen of a lumber camp, upon the completion of their day's work, were in the habit of riding home on a handcar of the company; the rails over which they rode formed part of a private railroad of the lumber camp used by it, not for hauling of passengers, but only for trains loaded with logs; the men knew that such trains were operated without any regular schedule, and the company knew that the men occasionally used the road; one night such a train ran into a handcar, and one of the men was killed: *Held,* that if the engineer discovered the car in time or by the exercise of reasonable and ordinary care might have discovered the handcar in time to have stopped the train before the collision, the company should be held responsible.                         p. 96

In such a case, the man who was killed is not to be considered as having been a fellow-servant with the engineer of the train.                         p. 98

Dismissal by the State Industrial Accident Commission of a petition for compensation for injuries received is no defense to an action at law because of the injury thereby complained of.

p. 100

*Decided January 16th, 1918.*

Appeal from the Circuit Court for Allegany County. (HENDERSON, J.)

The facts are stated in the opinion of the Court.

The case was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George A. Pearre* and *Gilmor S. Hamill,* for the appellants.

*Albert A. Doub* (with whom were *E. R. Jones* and *Frederick A. Thayer* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action brought in the Circuit Court for Garrett County in the name of the State, for the use of the widow of Michael W. Shaffer against the defendants, to recover damages for his death caused by the alleged negligence of the defendants.

The case was removed to the Circuit Court for Allegany County, where after trial a verdict was rendered by a jury in favor of the plaintiff for the sum of $3,600.00.

From the judgment on this verdict the defendants have appealed.

The particular manner in which the death of the husband of the equitable plaintiff, as charged in the declaration, was caused and occurred is that the defendants, while operating

and running a certain engine and cars upon its tracks "negligently and recklessly forced, ran and drove said engine and cars upon, over and against the said Shaffer," as to cause his death while driving a handcar on the track of the defendants' railroad and while using due care and caution on his part.

The defendant, the Kendall Lumber Company, operates a large lumber business and lumber plant at Crellin, about four miles southwest of Oakland, Garrett County, and in connection with this plant they own and operate a railroad known as the Preston Railroad Company, one of the defendants in the case, which extends from Shaffer, West Virginia, to Hutton, Maryland, a distance of about 35 miles. The railroad is used for the purpose of hauling logs and lumber, and not for passengers, and the trains are known as logging trains. The train makes two round trips each day from Shaffer to Crellin, with no definite schedule, except one round trip in the morning and another in the afternoon of the same day.

The husband of the equitable plaintiff was an employee of the Kendall Lumber Company and was at work at the mill at Crellin until 6 o'clock of the afternoon of the accident.

On the 30th of November, 1915, the husband of the equitable plaintiff and five other employees of the lumber company, after stopping their work at the mill, put their handcar on the track at Crellin and started for their homes. Two of the men left the handcar at their homes near the railroad about one mile from Crellin, but the other four proceeded south on the car to their homes, and when they had travelled a distance of about three miles from Crellin and were within about a half mile of Nicholson's Crossing the handcar was run into by one of the defendants' engines and log roller, a special train, coming down from Shaffer, West Virginia, to Crellin, and the plaintiff's husband and his son James were killed.

The theory of the appellee's case is that the death of the plaintiff's husband was caused by the negligence of the defendants, first, in operating the cars upon its track at night

without a headlight and without using due care in keeping a lookout when they had reason to expect the hand-car, with persons on it, on the track at the time and at the place of the accident; second, because of the alleged negligence of the defendants in running a special train upon its tracks at night without notice to those using the hand-car of the approach of the engine and log loader which caused his death; and, third, that the use of the defendants' track by the employees of the defendants was not only known to them, but was directly induced and encouraged by them, and, with this knowledge, the defendants were bound to use ordinary care and diligence in the operation of their trains on their road, to avoid injuring the men upon the hand-car while using the railroad with due care on their part.

The defense relied upon to defeat the action, as indicated by the defendants' brief, is:

*First.* That the decedent, Michael Shaffer, was a mere licensee, who accepted the permissive privilege of running his hand-car on the tracks of the defendants' railroad subject to the concomitant perils thereof, one of which was the danger of collision with the logging engine and train somewhere along the tracks of the defendants' railroad; and

*Second.* That the decedent was an employee of the defendant company using a handcar on defendants' railroad tracks, with acquiescence and consent of the defendants or their agents, because he was an employee:

(*a*) That when injured he was engaged in doing something which was incidental to his employment, and was injured by the negligence of his co-employees, which would relieve the defendants of liability;

(*b*) That being thus an employee, and knowing the familiar and obvious danger of running the hand-car on the defendants' tracks, on which he knew he was likely to meet engines or trains at any time, he assumed the risk of such a danger; and,

*Third.* Even if the first two defenses made, are not a bar to this suit, it seems manifest that the death of the decedent was due to his own negligence, and that the defendants are not therefore liable.

The record contains seven exceptions reserved by the defendants in the course of the trial, six of these relate to the admissibility of testimony, and the seventh to the ruling of the Court upon the prayers.

The plaintiff's first prayer, as modified, and the second and third prayers were granted. The defendants presented fourteen prayers, and of these the first, second, third, fourth, fifth, sixth, eighth, ninth, twelfth, thirteenth and fourteenth were rejected. The seventh, tenth and eleventh prayers were granted, as modified. The Court gave two instructions of its own motion, in addition to those granted on behalf of the plaintiff and the defendants. The action of the Court, in its rulings upon the prayers and in overruling a special exception to the modification of the defendants' seventh, tenth and eleventh prayers form the basis of the seventh exception.

We find no error in the rulings of the Court upon the testimony, set out in the six bills of exception. No error in these rulings are suggested in the appellant's brief, and none were relied upon in the argument of the case. They are not discussed in the defendants' brief and we need only say, that they have been examined by us, and we find no reversible error in any of them.

This brings us to a consideration of the rulings upon the prayers, which are embraced in the seventh exception.

The three prayers granted at the instance of the plaintiff and the three on the part of the defendant, with the two instructions from the Court, we think, were proper instructions and correctly stated the law, applicable to and controlling the case.

The defendants' first prayer was a demurrer to the evidence and under the facts disclosed by the record, could not have been granted.

The defendants' second prayer was based upon the erroneous assumption that the deceased was an employee of the defendant company at the time of his death. The proof in the case, on both sides, shows, at the time of the accident and when it occurred he had finished his day's work, and was on the hand-car, some distance from his place of employment, and on his way to his home. The prayer, therefore, under the authorities, was properly refused. *B. & O. R. R. Co.* v. *State, Use of Trainor,* 33 Md. 542; *State, Use of Abell,* v. *W. Md. R. Co.,* 63 Md. 433.

The defendants' third, fourth, fifth, sixth, eighth, ninth and twelfth prayers were properly ∙ refused because they ignored the testimony upon the various questions presented, and were not supported by the proof.

The thirteenth and fourteenth prayers were erroneous because they were based upon the hypothesis that the deceased was a fellow servant with the engineer, the train crew, and the superintendent of the defendants at the time of the accident.

What we said in passing upon the second prayer applies here and for the reasons there stated, these prayers were clearly erroneous.

There was no error in overruling the special exceptions to the modifications of the defendants' seventh, tenth and eleventh prayers and the rulings thereon were correct.

The propositions of law applicable to the facts of this case are well settled by many well considered cases. They were properly and correctly stated in the granted prayers, and in the two instructions of the Court, as will be seen by reference to some of the leading cases upon this subject. *N. C. R. R. Co.* v. *State, use of Price,* 29 Md. 420; *B. & O. R. R. Co.* v. *State, use of Trainor,* 33 Md. 542; *State, use of Abell,* v. *W. Md. Ry. Co.,* 63 Md. 433; *Kann & Co.* v. *Myer,* 88 Md. 541; *Benson* v. *Balto. Traction Co.,* 77 Md. 535; *Miller* v. *W. Md. Ry. Co.,* 105 Md. 30; *Rosenkovitz* v. *U. Ry's. Co.,* 108 Md. 306.

The question of negligence and contributory negligence, and the other question bearing upon the case, were properly submitted to the jury by the granted prayers.

By the first prayer, by the Court, the jury was instructed that if they find from the evidence that the deceased, Michael Shaffer, and his companions, were using the hand-car on defendants' tracks by the inducement or encouragement, direct or indirect, of the defendants, and were guilty of negligence and want of ordinary care in the operation of the hand-car, either in having no light on said hand-car, or in failing to keep a lookout for trains, if the jury find either or both of these acts to be negligence, yet if they shall further find that in spite of the negligence of the men on the hand-car, if the jury find such negligence, the men on the engine could, by the exercise of reasonable and ordinary care on their part have discovered the hand-car on the track in time to have stopped their train before the collision, but did not do so, then their vedict must be for the plaintiff.

By the second prayer of the Court, the jury were told that if they should find, from the evidence that defendants owned a logging railroad in Tucker County, West Virginia, and Garrett County, Maryland, upon which they carried on lumbering operations by transporting logs and other freight from the woods in West Virginia to the mill at Crellin, and shall further find that Michael Shaffer worked at the defendants' mills at Crellin, and was in the habit of using the defendants' railroad for his own convenience for the purpose of going in a hand-car to and from his work, and that such use of the railroad by him and other workmen was known to the defendant or its superintendent, and acquiesced in or directly or indirectly induced or encouraged by them, then the defendants were bound to use ordinary care and diligence in the operation of their trains on said road so as to avoid injuring the said Shaffer and others while so using the railroad, with due care on their part, but if the jury shall find from the evidence that the defendants did nothing more than merely permit the said Shaffer and other workmen to use the

railroad, then the defendants were not bound to look out for the said workmen or to anticipate their being on the track, but even in this case the defendants and their agents were bound, if they actually saw or knew the workmen to be on the tracks or to be likely from their previous habits of action to be there to use due care or diligence to avoid injuring them.

The demurrer to the defendants' second plea was properly sustained. The plaintiff's husband, was not at the time of his death an employee of the defendants, in the course of his employment, but according to the proof, he was on his way home from work at the time of the accident which caused his death. The action of the State Industrial Accident Commission in so holding and dismissing a petition and claim for compensation for his death, under the State Compensation Law was no defense to this action. *Shaffer* v. *Kendall Lumber Company,* Md. Workmens' Compensation Cases, Vol. 1, page 277.

We think, on the whole case, the Court was right, both upon the law and the facts of the present case in its rulings upon the prayers set out in the record, and in granting its own two instructions to the jury.

These prayers stated and presented the law as favorably to the appellants as it had a right to require, and we find no reason for disturbing the verdict of the jury.

We come now to the motion to dismiss the appeal, and that is based upon the ground that the appeal was taken before a final judgment was entered in the case.

It is well settled by numerous decisions of this Court, and supported by a long line of cases upon the subject that an appeal in an action at law, which is taken before final judgment is premature and cannot be maintained in this Court. *Hayman* v. *Lambden,* 97 Md. 33; *Gittings* v. *State,* 33 Md. 458; *Peoples* v. *Ault,* 117 Md. 637; *Md., Del. & Va. Rwy. Co.* v. *Johnson,* 129 Md. 414; *\*Ely* v. *Springfield Hospital,* No. 41, January Docket, 1916.

---

*This case was dismissed and therefore not reported.—REP.

While the docket entries show that the order for an appeal was entered on May 31st, 1917, and the final judgment on the 6th of June, 1917, we do not think that under the agreement which will be set out, and the subsequent proceedings in the case that appear from the docket entries, that this case falls within the rule established by the cases just cited, and that we are required to dismiss this appeal.

It is apparent, from the record, that the attorneys on both sides treated the appeal of the 31st of May, 1917, as a valid appeal, and as applicable to the judgment entered on the 6th of June, and their agreement of the 25th of June, 1917, so stipulates, as to the judgments in both Nos. 136 and 137 of the April Term, 1917, of the Circuit Court for Allegany County.

The agreement is as follows:

"*In the Circuit Court for Allegany County.*
"*No. 137 Trials—April Term,* 1917.

"*State, use of Ethel Shacer et al., vs. Kendall Lumber Company et al.*

"Whereas, a verdict has been rendered and judgment entered in favor of the plaintiff in the above cause, as well as in the case of *State, use of Hannah E. Shaffer,* vs. *Kendall Lumber Company et al.,* No. 136 Trials, April Term, 1917, in the Circuit Court for Allegany County, and the legal questions and all the facts affecting such legal questions are the same in both cases, and the defendants are the same in both cases; and

"Whereas, the defendant has entered an appeal in each case, and it is the desire to avoid the expense of two records for the Court of Appeals;

"Now, therefore, in consideration of the premises, it is hereby agreed between the parties to the above cause, through their respective attorneys, that if the defendant in the case of *State, use of Hannah E. Shaffer,* vs. *Kendall Lumber Company et al.,* No. 136

Trials, April Term, 1917, shall prosecute its appeal in said case to the Court of Appeals, then and in that event it shall not be necessary to transmit the record in the above cause to the Court of Appeals, but the judgment in the above cause shall abide by and be determined by the decision of the Court of Appeals in the said cause No. 136 Trials, April Term, 1917, in the Circuit Court for Allegany County; that is to say, that if the Court of Appeals affirms the judgment in the said cause, No. 136 Trials, April Term, 1917, or reverses or modifies the judgment in said cause, then the same action shall be entered by Circuit Court for Allegany County in the above cause, and the Circuit Court for Allegany County shall let stand, reverse or modify the judgment in the above cause to make the same conform to the *procedendo* that may be issued by the Court of Appeals in the case of the *State, use of Hannah E. Shaffer,* vs. *Kendall Lumber Company et al.,* No. 136 Trials, April Term, 1917; the purpose of this agreement being to save and avoid the labor and expense of prosecuting the appeal in more than one case upon the same facts and questions involved.

"It is further agreed and understood between the parties hereto that such entry shall be made by the Circuit Court for Allegany County in No. 137 Trials, April Term, 1917, as the action, if any, of the Court of Appeals in No. 136 Trials, April Term, 1917, upon appeal, shall determine necessary to carry out this agreement.

"Executed in triplicate this 25th day of June, in the year nineteen hundred and *fourteen.*

"Albert A. Doub,
"Ernest Ray Jones,
"Fred A. Thayer,
    "Attorneys for Plaintiffs.
"Geo. A. Pearre, and
"Gilmor S. Hamill,
"Attorneys for Defendants."

Besides this, subsequent to the judgment and the agreement an appeal bond was filed and approved, the effect and operation of which was to stay the judgment appealed from, and which shows that the appellants treated the order for an appeal, as applicable to the judgment. Here we have the entry of a proper order for an appeal, a valid judgment and an agreement of the parties in substance that the order for an appeal should be treated as an order for an appeal from the judgment of the 6th of June, 1917, and this was within the statutory period for an appeal.

To dismiss an appeal under such facts would work a great hardship and also inequitable consequences, amounting to a practical denial of justice. We are not willing to stretch the rule here relied upon to accomplish such results. We shall, therefore, overrule the motion to dismiss.

For the reasons stated, however, the judgment must be affirmed.

*Judgment affirmed, with costs.*