WIIO *v.* QUINCY MINING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENT ARISING OUT OF EMPLOYMENT—EVIDENCE—SUFFICIENCY.

On certiorari to review an award, under the workmen's compensation act, to the dependents of a deceased employee who died of blood poisoning as the result of a cut or scratch on his thumb, where there was no direct proof that he received the injury from an accident growing out of and in the course of his employment, and the facts shown do not permit of such inference, the award must be set aside.

Certiorari to Department of Labor and Industry. Submitted February 20, 1922. (Docket No. 54.) Decided March 30, 1922.

Ida Wiio presented her claim for compensation against the Quincy Mining Company for the accidental death of her husband in defendant's employ. From

On recovery for blood poisoning under workmen's compensation act, see note in L. R. A. 1918F, 876.

an order awarding compensation, defendant brings certiorari. Reversed, and order vacated.

*Swaby L. Lawton,* for appellant.

*B. H. T. Burritt,* for appellee.

BIRD, J.     Plaintiff's husband was engaged as a miner in the copper mine of defendant.     He was an old employee and lived near the mine opening.     On the evening of July 3, 1920, he came home from his work about 4:10 o'clock in the afternoon and exhibited to his wife and a lady visiting them a cut or scratch on his left thumb.     The thumb and arm were somewhat swollen and he had the appearance of being in pain.     On the following day, July 4th, the condition of the thumb was worse and more painful.     Defendant's doctor called upon him and expressed the opinion that he was threatened with pneumonia.     Later another doctor was called and he concluded the trouble was blood poison.     In spite of all efforts to stay the poison he steadily grew worse, and died on July 18th.

After the death of Mr. Wiio, plaintiff, his wife, filed a claim for a death award with the department of labor and industry, claiming that Mr. Wiio scratched or cut his thumb on a piece of copper rock, and that subsequently blood poison resulted which proved fatal. A hearing was had before an arbitration committee and compensation was denied.     On appeal to the full board, where additional testimony was taken, the case was reversed and an award granted to her and her four dependent children, on the theory that the deceased cut or scratched his thumb while engaged at his work, and that it was an accidental injury.

It is the contention of defendant that there is no competent proof in the record which justifies the action of the board in finding that Mr. Wiio's blood poison grew out of an accident which arose out of and

in the course of his employment. We have read the record very carefully and we are persuaded that this point is well taken. If the hearsay testimony be eliminated there is no proof as to how or where he got the scratch or cut on his thumb. Counsel argues that it is shown inferentially by the testimony that claimant's husband was well and made no complaint before he went away from home on the morning of July 3d, and that when he returned in the evening he exhibited the cut or scratch. From these facts counsel concludes that, as he lived so close to his work, he must have received the injury in the course of his employment. The proofs show that Mr. Wiio did chores about his home. He may have received the cut or scratch while doing his chores. He may have received it prior to July 3d and it was unnoticed by plaintiff. He may have received it in the mine during the dinner hour. But whatever the fact is, the duty was upon the plaintiff to make competent proof of the fact that he received his injury from an accident growing out of and in the course of his employment. There is no direct proof that he did and the facts which are shown do not permit of the inference that the scratch or cut arose out of or during his employment.

The death award made by the department of labor and industry must be set aside. No costs will be allowed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.