TAYLOR v. EVARTS.

1. Master and Servant—Workmen's Compensation Act—Accidental Injury—Entrance of Germs Into Otherwise Harmless Wounds.

Employee receiving abrasions and scratches in course of his employment, who suffers from blood poisoning as result of ever-present morbid germs gaining entrance into such wounds, is victim of accidental personal injury, under workmen's compensation act, although such abrasions and scratches may be quite harmless in themselves.

2. Same—"Accident" Defined.

"Accident" is event that takes place without one's foresight or expectation.

3. Same—Abscess in Eye Caused by Germ.

Employee engaged in clipping apples from trees which had been dusted with chemical dust, who got some of said dust in his eyes, causing inflammation and soreness, resulting in abscess back of eye from entrance of morbid germ, suffered accidental injury within meaning of workmen's compensation act; and it is unimportant that germ was not present in chemical dust.

On external infection as accident or accidental injury, see annotation in 39 A. L. R. 871.

On condition of bodily organs due to particles of dust or other material incident to work, see annotation in 62 A. L. R. 1460.

Appeal from Department of Labor and Industry. Submitted November 3, 1932. (Docket No. 137, Calendar No. 36,653.) Decided January 25, 1933.

Clifford Taylor presented his claim against Russell Evarts, employer, and Standard Accident Insurance Company, insurer, for an alleged accidental injury while in defendant's employ. From order denying award, plaintiff appeals. Reversed, and remanded for award to plaintiff.

*Geo. W. Des Jardins,* for plaintiff.

*J. R. Doss* and *Merritt U. Hayden,* for defendants.

CLARK, J. This is review as upon certiorari of a decision of the commission of the department of labor and industry reversing an award of the deputy commissioner and denying compensation to plaintiff, who was an employee of defendant Russell Evarts. There is no dispute in material facts.

Plaintiff, a boy of 19 years, in July, 1931, was clipping apples from trees in defendant's orchard. The trees had been dusted with a mixture containing a number of chemicals. The dust got in his eyes by limbs happening to brush across them or by an apple falling into them, causing inflammation, soreness, and swelling. This permitted entry of the ever-present morbid germs, producing abscess back of the left eye. This was lanced and drained, but abscess continued and involved the brain. The boy was taken to the University Hospital at Ann Arbor, where he had relief and is now recovering.

Other employees in the orchard had like irritation by the chemical dust, but escaped infection.

The question: Is this an accidental personal injury under the act?

The commission said:

"If other employees, doing the same work, received the irritation in their eyes caused by coming in contact with the dust, can it be said that because plaintiff happened to have present, at the point of inflammation, a germ that did not necessarily come from or arise out of the work, for there is no evidence to show that it did come from the work, but just happened to be there at the point of inflammation, is it an industrial accident?

"There is no proof that the germ was present in the disinfectant. One doctor thought it might be, but that is mere conjecture.

"Our Supreme Court has consistently held that where disability is the result of a risk to which all employees are exposed, in the ordinary performance of their duties, such disability is not the result of an industrial accident."

In many employments abrasions and scratches of the skin, quite harmless in themselves, are common, and a risk to which all the employees are exposed. Occasionally, however, the ever-present morbid germs gain entrance into the wound with resulting blood poisoning, and such cases become accidental personal injuries under the act. Note 11 N. C. C. A. 495. That the germs were not present in the chemical dust is not important. The facts here are that the dust caused the sore and entrance of the germs was a natural result. So the point of the case is whether getting dust in the eyes was an accident.

Much has been written of the meaning of the word accident. Usually it is said to be an event that takes place without one's foresight or expectation.

In *Dove* v. *Alpena Hide & Leather Co.,* 198 Mich. 132, the employee, handling dried hides and breathing dust therefrom, was poisoned by septic germs

finding lodgment in the throat. In affirming award for plaintiff, held, to be an accidental personal injury under the act.

In *Riley* v. *Mason Motor Co.,* 199 Mich. 233, a sweeper got emery dust, or some foreign substance in his eye causing corneal ulcer. Award of compensation was affirmed. See review of cases in note 10 N. C. C. A. 257; *Widman* v. *Murray Corporation of America,* 245 Mich. 332.

It is not contended that in orcharding, sore eyes is an occupational disease. The injury was caused by the chemical dust on the trees at the time. This was an unusual condition. The injury was unexpected, not foreseen, and occasioned fortuitously. Under the authorities, it is held to be accidental and arising out of and in the course of the employment.

Reversed, with costs, and remanded for award in favor of plaintiff.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.