TWORK *v.* MUNISING PAPER CO.

1. WORKMEN'S COMPENSATION—ACCIDENT.

Accident, within meaning of workmen's compensation act, is an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, and therefore not expected; chance, casualty, contingency, an event happening without any human agency, or, if happening through human agency, an event which, under the circumstances, is unusual and unexpected by the person to whom it happens (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—ACCIDENTAL INJURY—CAUSE.

The workmen's compensation act contemplates that an accidental injury may result by mere mischance; may be due to carelessness, not wilfulness, to fatigue, and to miscalculation of the effects of voluntary action (2 Comp. Laws 1929, § 8407 *et seq.*).

3. SAME—SUBSTITUTION FOR ACTIONS AT LAW.

The workmen's compensation act is a substitute for former actions at law and filing a claim for personal injury under the act releases an employer from all claims or demands at law, if any, arising from such injury (2 Comp. Laws 1929, §§ 8407 *et seq.*, 8478).

4. ESTOPPEL—WORKMEN'S COMPENSATION—ACTION AT LAW.

Employer who asserts in proceeding under workmen's compensation act that employee's injuries did not result from an accident and, having succeeded thereby, is estopped to deny jurisdiction of circuit court in action at law on ground injuries did result from accident.

5. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

Sole remedy of employee, asserting claim against employer subject to workmen's compensation act for injuries received dur-

ing employment, as to which claim employee was unsuccessful before deputy commissioner, is by way of appeal to full department and, if necessary, to review on certiorari by Supreme Court (2 Comp. Laws 1929, §§ 8412, 8414, 8447, 8451).

6. COURTS—JURISDICTION OF SUBJECT MATTER.
Jurisdiction of subject matter comes only from the law.

7. WORKMEN'S COMPENSATION—JURISDICTION—DEPARTMENT OF LABOR AND INDUSTRY.
By submitting claim for injury, received during employment, for arbitration under the workmen's compensation act to which both employee and employer were subject, the plaintiff released employer from all claims or demands at law against employer arising out of the injury (2 Comp. Laws 1929, § 8478).

8. SAME—ACCIDENT—INJURY.
"Accident" and "injury," as used in the workmen's compensation act, are not synonymous, the former, being the unforeseen event, is the cause and the latter the result, e. g., in instant case, the unforeseen release of chlorine gas caused plaintiff employee's changed physical condition.

9. SAME—JURISDICTION.
The workmen's compensation act does not deprive an employee of his right of action against his employer for injury, where both have accepted the act, but it does limit the forum to the department of labor and industry (2 Comp. Laws 1929, § 8407 et seq.).

10. SAME—UNAPPEALED DECISION OF DEPUTY COMMISSIONER—RES JUDICATA.
The unappealed determination of a deputy commissioner, though perhaps erroneous, is res judicata of claim for same injury thereafter made by employee in action at law, since department of labor and industry then had exclusive jurisdiction.

11. SAME—OCCUPATIONAL DISEASES—INHALATION OF CHLORINE GAS.
Alleged injury from inhalation of chlorine gas while working in liquor tower in employer's paper mill on two specified days held, so localized as not to come within definition of occupational disease.

12. SAME—ACCIDENTAL INJURY—REMEDY.

> Injury to plaintiff employee, which resulted from unexpected release of chlorine gas in liquor tower of employer's paper mill where he worked on two stated days without having been provided with suitable masks and other devices to protect him *held*, to have suffered an accidental injury for which sole redress is provided under workmen's compensation act, both parties having accepted the terms of the act (2 Comp. Laws 1929, § 8407 *et seq.*).

POTTER, J., dissenting.

Appeal from Alger; Runnels (Herbert W.), J. Submitted October 10, 1935. (Docket No. 52, Calendar No. 38,332.) Decided April 6, 1936.

Case by John Twork against Munising Paper Company for personal injuries sustained from inhalation of poisonous gases in liquor tower of paper mill. Case dismissed. Plaintiff appeals. Affirmed.

*M. J. Kennedy,* for plaintiff.

*Rees, Robinson & Petermann,* for defendant.

BUSHNELL, J. Plaintiff appeals·from an order dismissing a declaration in which he says that on November 9 and 10, 1933, while employed by defendant, he was ordered to remove tiles and materials from a liquor tower without being warned that dangerous gases and vapors arose from and were produced by the breaking up of the material and tiles, nor was he provided with proper and suitable masks, appliances and devices to protect him in the performance of the work. He alleges serious and permanent injuries resulting from the inhalation of chlorine and other dangerous gases on these days and by appropriate language pleads the various ramifications of his injury and resultant damages.

Defendant's answer is a general denial and shows that both parties were under the provisions of the workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.] ; 2 Comp. Laws 1929, § 8407 *et seq.*) ; that plaintiff filed a claim for compensation, which after a hearing before the deputy commissioner, was denied on April 19, 1934, because plaintiff had not suffered from an accident arising out of and in the course of his employment. No appeal was taken by plaintiff from the award in favor of defendant.

Plaintiff replied with a denial that the departmental proceedings constituted an election of remedies and says that defendant is estopped from claiming that liability in this instance is recoverable under the compensation act and further denies that plaintiff's cause of action is embraced within the provisions of the act itself.

It has been suggested that the workmen's compensation act has been improperly construed since *Adams* v. *Acme White Lead & Color Works,* 182 Mich. 157 (L. R. A. 1916 A, 283, Ann. Cas. 1916 D, 689, 6 N. C. C. A. 482), and that this court has limited compensation thereunder to accidental injuries only.

Part 1, § 4, of the act (2 Comp. Laws 1929, § 8410) uses the words ''death'' and ''personal injury.'' The title, however, reads:

''An act to promote the welfare of the people of this State, relating to the liability of employers for *injuries* or death sustained by their employees, providing compensation for the *accidental injury* to or death of employees and methods for the payment of the same, establishing an industrial accident board,*

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry. See 2 Comp. Laws 1929, § 8312.—REPORTER.

defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of the act, and *restricting the right to compensation or damages in such cases to such as are provided by this act.*"

The reasoning of this court and its interpretation of the various provisions of the act since its original enactment in the year 1912 does not require the application of the art of apologetics or the skill of an apologist. We may, on the other hand, properly indulge in the judicial assumption that the legislature has been content with that interpretation, else it would have long since exercised its independent prerogative to restate the limitation of this field of the provisions of the act. The court was unanimous in its application of the reasoning of Mr. Justice STONE in the *Adams Case, supra,* to the facts presented in that case, and a study thereof will readily indicate that he, as well as those who drafted the act, used the phrases "accidental injury" and "personal injury" somewhat interchangeably, limited, however, by the unexpected nature of the injury to the person affected thereby.

"There is no question but what plaintiff's injuries arose out of and in the course of his employment and we think it may fairly be said plaintiff's injuries were the result of accident.

" 'In its most commonly accepted meaning, the word denotes an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected; chance, casualty, contingency, an event happening without any human agency, or, if happening through human agency, an event which, under the circumstances, is unusual and unexpected by the person to whom it happens; * * * something unexpectedly taking place, not according to the usual course of things; an unusual or unexpected result attending the operation or performance of a usual or necessary act or event; something happening by chance; a mishap.' 1 C. J. § 3, pp. 390–392.

"This definition is in accord with the decisions of this court which has not accepted a narrow definition

of the word as applied to the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

" 'The statute seems to contemplate that an accidental injury may result by mere mischance; that accidental injuries may be due to carelessness, not wilful, to fatigue, and to miscalculation of the effects of voluntary action.' *Robbins* v. *Original Gas Engine Co.*, 191 Mich. 122." *Watson* v. *Publix Riviera Theatre*, 255 Mich. 115.

The act is a substitute for former rights of action and any law actions which might remain unaffected by the substitution may effectually be terminated by part 6, § 1, thereof (2 Comp. Laws 1929, § 8478), which reads:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act *files any claim* with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of *personal injury,* or makes any agreement, or *submits any question to arbitration under this act,* such action *shall constitute a release to such employer of all claims or demands at law,* if any, *arising from such injury.*"

It is more than passing strange that during the 20 odd years of administration of this somewhat revolutionary treatment of the age-old relations between employer and employee and their mutual and several rights and duties, the profession of Michigan has not long since been aware of the claimed weakness of judicial interpretations of its provisions.

Authorities from other forums are of doubtful aid in the solution of problems presented by the manifold and varied situations arising out of the complex activities of industry unless they are carefully considered in the light of the many deviations in the workmen's compensation acts of the various jurisdictions of their origin.

The orderly administration of this remedial legislation of a social problem requires that the guideposts of bench law be followed without unnecessary deviation from well traveled paths.

Appellant contends for the applicability of the doctrine of estoppel and says that the employer may not deny the accidental nature of the injury before the department of labor and industry and having succeeded thereby, now assert before the circuit court that jurisdiction is lacking in that forum because plaintiff's action is bottomed upon an accidental injury. The reasonableness of this argument is apparent, but its corollary is also sound; neither may the plaintiff ride two horses. His remedy was to seek an appeal to the full department from the finding of the deputy and then, if necessary, to review by certiorari. The act under which he elected (part 1, § 8 [2 Comp. Laws 1929, § 8414]) to determine his rights so provides (part 3, § 8 [2 Comp. Laws 1929, § 8447], and section 12 [2 Comp. Laws 1929, § 8451]).

Jurisdiction of subject matter comes only from the law. *People* v. *Meloche,* 186 Mich. 536. In this instance, the jurisdiction of the department of labor and industry became exclusive of all other tribunals, except review by this court upon grant of a writ of certiorari, when the defendant elected to become bound by the act (part 1, § 6 [2 Comp. Laws 1929, § 8412]) and the plaintiff failed to elect not to become bound by the provisions thereof (part 1, § 8 [2 Comp. Laws 1929, § 8414]). Plaintiff released all those claims or demands at law against defendant which arose out of his injury when he submitted the question of that injury to arbitration (part 6, § 1 [2 Comp. Laws 1929, § 8478]). Such exclusive jurisdiction, however, was not by consent of the parties,

but by operation of law, *i. e.,* the provisions of the statutory enactments.

Plaintiff is suffering either as the result of an occupational disease (which he does not claim) or from an injury sustained in the course of his employment (which he does claim). "Accident" and "injury" are not synonymous. *Cooke* v. *Holland Furnace Co.,* 200 Mich. 192 (L. R. A. 1918 E, 552). The "accident," the unforeseen event, is the cause and "injury" is the result. In the case at bar, the unforeseen release of the chlorine gas was the cause and plaintiff's changed physical condition was the result. For this, prior to the workmen's compensation act, he might or might not have had an action at law, depending upon the facts; the legislative enactment did not deprive him of this right of action, but it did limit the forum, under the circumstances, to the department of labor and industry. The parties, having submitted themselves to the control of the act, are not at liberty to adjudicate their differences elsewhere. Plaintiff's claim was not erroneously filed, though it may have been erroneously determined, but this he did not question by appeal. He may not now litigate his claim elsewhere. The unappealed determination of the department through its deputy commissioner is *res judicata.*

Plaintiff's declaration definitely localizes the alleged injury as to time and place, the time being November 9 and 10, 1933, and the place in the liquor tower of the defendant where the particular work was done. As said in *Dailey* v. *River Raisin Paper Co.,* 269 Mich. 443:

"An injury which may be so localized hardly seems to fit the definition of an occupational disease," etc.

We have so recently reviewed a similar situation in *Dailey* v. *River Raisin Paper Co., supra,* that quotation therefrom would seem to be unnecessary. Notwithstanding appellant's exhaustive brief and our examination of the authorities cited, we are unable to distinguish that case except as to some minor facts. The principles of law therein stated are controlling here and the order dismissing the declaration must be affirmed.

It is so affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with BUSHNELL, J.

POTTER, J. (*dissenting*). July 30, 1934, plaintiff began suit against defendant by summons which was personally served upon the officers of defendant who caused its appearance to be entered. Whereupon, August 28, 1934, plaintiff filed a declaration against defendant, charging plaintiff was an employee of defendant; was taken from the work at which he was usually and ordinarily employed and ordered to remove tiles and other materials and substances from a liquor tower or silo in the plant of defendant; that defendant negligently failed to warn plaintiff of the dangers involved in the performance of the work; negligently failed to provide him with proper masks, appliances and devices to protect himself; and as a result of the negligent conduct of defendant, plaintiff was permanently and seriously injured, for which injuries he claimed damages.

Defendant answered, claimed it was under the Michigan workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) and plaintiff had never elected, in accordance with the terms thereof, not to

become subject to the act and he was at all times subject to the act; and after his injury and on or about February 9, 1934, plaintiff had filed a claim for compensation against defendant with the department of labor and industry, which had been brought on to be heard and resulted in the finding by the department of labor and industry that plaintiff suffered no accident which arose out of and in the course of his employment with defendant.

To this answer, plaintiff made reply, admitting he had presented a claim for compensation against defendant to the department of labor and industry, but alleging such claim was contested and defendant contended and insisted before the department of labor and industry plaintiff's cause of action was not an accidental injury arising out of and in the course of his employment and that the department of labor and industry had no jurisdiction and authority to hear the claim of plaintiff, and that defendant is estopped from claiming the liability of said defendant for compensation is recoverable under the provisions of the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*) or that this court has not jurisdiction of plaintiff's cause of action as set forth in his declaration.

October 2, 1934, defendant made a motion to dismiss plaintiff's cause for the reason that plaintiff had a claim under the workmen's compensation act, he did not contract any occupational disease, he suffered an accidental injury, and he could not sue at law.

The trial court took defendant's view of the controversy and granted defendant's motion, with costs. From this order dismissing his cause of action, plaintiff appeals.

The statute, 2 Comp. Laws 1929, § 8417, provides:

"If an employee * * * receives a personal injury arising out of and in the course of his employment * * * he shall be paid compensation," etc.

Plaintiff received a personal injury arising out of and in the course of his employment by an employer subject to the provisions of the workmen's compensation act and, therefore, under that act correctly construed, was entitled to receive compensation.

From the first case in this court involving the construction of the section of the statute above quoted until the last, this court has held the workmen's compensation act covers accidental injuries only. The court seems to have continually followed *Adams* v. *Acme White Lead & Color Works*, 182 Mich. 157 (L. R. A. 1916 A, 283, Ann. Cas. 1916 D, 689, 6 N. C. C. A. 482), without questioning its authority, as a precedent. The decision in that case is based upon false premises and disregards the plain language of the statute.

The statute is not one which by its language covers accidental injuries only. It covers an employee who suffers a "personal injury arising out of and in the course of his employment" whether the cause of such injury is accidental or not. The assumption of the court in that case that an employee had no right of action for injury or death due to an occupational disease, at common law, but that, generally speaking, only accidents, or rather accidental injuries, gave a right of action, is clearly incorrect. The basis of recovery at common law for an injury suffered by an employee was the tortious act, or failure to act, of the employer. There could be no recovery against an employer not to blame for injury to the employee. The common law did not, generally, impose liability

upon an employer who was without fault. Most of the cases of injuries to employees were based upon the negligence of the employer. There could be no recovery if the employee, with full knowledge of the danger, voluntarily assumed the risk of injury; that was his fault. If the injury of an employee was caused by the negligence of a fellow servant, it was not caused by the negligence of the employer and there could be no recovery; and if the negligence which caused the injury was the negligence of the employee himself, he could have no recovery against the employer for injuries resulting from his own fault.

All this was changed by the workmen's compensation act. It is claimed the common-law liability for negligent injury to employees was abolished and that at the same time the common-law defenses of assumed risk, contributory negligence and negligence of fellow servants was abolished. This seems to have been the intention of the act. The common-law rights of an employee were not abolished by the workmen's compensation act unless covered by its terms. The common-law remedy of an employee for his own negligent injury by his employer was not taken away except where a substitute remedy was provided. The statute gives a substitute remedy only in those cases where "compensation is recoverable under this act." 2 Comp. Laws 1929, § 8410. This leaves all those cases where compensation is not recoverable under the act as they stood before the passage of the act and is an express statutory recognition there may be cases where the injured employee is entitled to recover at common law because not entitled to recover under the terms of the act.

It has been the uniform holding of this court from the first case which came before it construing the

workmen's compensation act that the employer is liable to the employee only for accidental injuries. *Adams* v. *Acme White Lead & Color Works, supra; Robbins* v. *Original Gas Engine Co.,* 191 Mich. 122; *Van Gorder* v. *Packard Motorcar Co.,* 195 Mich. 588 (L. R. A. 1917 E, 522); *Landers* v. *City of Muskegon,* 196 Mich. 750 (L. R. A. 1918 A, 218); *Kutschmar* v. *Briggs Manfg. Co.,* 197 Mich. 146 (L. R. A. 1918 B, 1133); *Stombaugh* v. *Peerless Wire Fence Co.,* 198 Mich. 445; *Johnson* v. *Mary Charlotte Mining Co.,* 199 Mich. 218; *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299; *Guthrie* v. *Detroit Shipbuilding Co.,* 200 Mich. 355; *Perkins* v. *Jackson Cushion Spring Co.,* 206 Mich. 98; *Chaudier* v. *Stearns & Culver Lumber Co.,* 206 Mich. 433 (5 A. L. R. 1673); *Savage* v. *City of Pontiac,* 214 Mich. 626; *Wiio* v. *Quincy Mining Co.,* 217 Mich. 476; *Sinkiewicz* v. *Lee & Cady,* 254 Mich. 218; *Marlowe* v. *Huron Mountain Club,* 271 Mich. 107; *Echord* v. *Rush,* 124 Kan. 521 (261 Pac. 820); *Meade Fiber Corp.* v. *Starnes,* 147 Tenn. 362 (247 S. W. 989); *Gunter* v. *Sharpe & Dohme,* 159 Md. 438 (151 Atl. 134).

To constitute an accident there must have been an unforeseen event, something occurring without the will or design of the person whose act caused it; an undesigned, sudden, unexpected, unusual occurrence; an unprecedented consequence; a casualty; something fortuitous; an unlooked for mishap; an untoward event not expected or designed; a fortuitous contingency. *Adams* v. *Acme White Lead & Color Works, supra; Kutschmar* v. *Briggs Manfg. Co., supra; Stombaugh* v. *Peerless Wire Fence Co., supra; Roach* v. *Kelsey Wheel Co., supra; Sinkiewicz* v. *Lee & Cady, supra; Doyle* v. *City of Saginaw,* 258 Mich. 467; *Taylor* v. *Evarts,* 261 Mich. 558; *Marman* v. *Detroit Edison Co.,* 268 Mich. 166; *Mar-*

*lowe* v. *Huron Mountain Club, supra; Brewer* v. *Veedersburg Paver Co.,* 92 Ind. App. 547 (177 N. E. 74); *Gunter* v. *Sharpe & Dohme, supra; Hensey* v. *White,* 1 Q. B. Div. 481, 69 L. J. Q. B. 188, 81 L. T. 767; *Fenton* v. *Thorley & Co.,* 72 L. J. K. B. Div. (N. S.) 787 (89 L. T. 314).

The employer knew the presence of the chlorine gas in the silo, that it would be liberated by plaintiff if he performed the work he was directed to perform and that plaintiff would in all likelihood suffer injury therefrom. There was nothing unforeseen or fortuitous or unexpected that happened. There was nothing accidental. Nothing occurred but what must have been a usual and ordinary occurrence in the regular course of things in the performance of the work when its kind and character is considered. Plaintiff's injury was a natural result of the conditions under which he worked. There was no element of suddenness or unexpectedness. Accidents do not last all day long.

It is recognized that in construing similar statutes some courts have held that if the injury is unexpected by the injured party it is accidental. This definition is contrary to the general understanding and use of language and has been expressly repudiated by this court which has adopted a contrary view. *Adams* v. *Acme White Lead & Color Works, supra.*

As a result of plaintiff being sent into an unsafe place to work, he was injured by being subjected to the action of chlorine gas. Though it seems such injuries as plaintiff suffered were fairly within the express language of the workmen's compensation act had it been properly construed in the first instance, the disease from which plaintiff is alleged to be suffering as a result of gas poisoning to which he

was subjected in the course of his employment is fairly within the holdings of the court in *Adams* v. *Acme White Lead & Color Works, supra; Fox* v. *Peninsular White Lead & Color Works,* 84 Mich. 676; *Depre* v. *Pacific Coast Forge Co.,* 145 Wash. 263 (259 Pac. 720), same case, 151 Wash. 430 (276 Pac. 89); *Zajkowski* v. *American Steel & Wire Co.,* 169 C. C. A. 147 (258 Fed. 9, 6 A. L. R. 348); *Pellerin* v. *Washington Veneer Co.,* 163 Wash. 555 (2 Pac. [2d] 658); *Hatcher* v. *Globe Union Manfg. Co.,* 170 Wash. 494 (16 Pac. [2d] 824); *Smith* v. *International High Speed Steel Co.,* 98 N. J. Law, 574 (120 Atl. 188); *General Printing Corp.* v. *Umback,* 100 Ind. App. 285 (195 N. E. 281); *Jellico Coal Co.* v. *Adkins,* 197 Ky. 684 (247 S. W. 972); *Trout* v. *Wickwire Spencer Steel Corp.,* 195 N. Y. Supp. 528; *Donnelly* v. *Minneapolis Manfg. Co.,* 161 Minn. 240 (201 N. W. 305); *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139 (194 N. E. 61); *Downing* v. *Oxweld Acetylene Co.,* 112 N. J. Law, 25 (169 Atl. 709).

The workmen's compensation act as construed by this court and by many other courts has been held not to cover what are usually called occupational diseases. *Adams* v. *Acme White Lead & Color Works, supra; Steel* v. *Cammell, Laird & Co.* (1905), 2 K. B. 232 (74 L. J. K. B. 610, 93 L. T. 357); *Broderick* v. *London County Council,* 77 L. J. K. B. Div. (N. S.) 1127 ([1908] 2 K. B. 807, 99 L. T. 569); *Miller* v. *American Steel & Wire Co.,* 90 Conn. 349 (97 Atl. 345, L. R. A. 1916 E, 510); *Clinchfield Carbo-coal Corp.* v. *Kiser,* 139 Va. 451 (124 S. E. 271); *Hatcher* v. *Globe Union Manfg. Co., supra; Meade Fiber Corp.* v. *Starnes, supra; Cambridge Manfg. Co.* v. *Johnson,* 160 Md. 248 (153 Atl. 283); *Prouse* v. *Industrial Commission of Colorado,* 69 Col. 382 (194 Pac. 625); *Scotland* v. *Canadian Cartridge Co.,* 59 Can. S. C. R. 471; *Brewer* v. *Veeders-*

*burg Paver Co., supra; Moore* v. *Service Motor Truck Co.,* 80 Ind. App. 668 (142 N. E. 19); *Gunter* v. *Sharpe & Dohme, supra.*

This court has emphasized the distinction between personal injuries and accidents. It has held "accident" and "injury" are not synonymous. *Cooke* v. *Holland Furnace Co.,* 200 Mich. 192 (L. R. A. 1918 E, 552).

The injury to plaintiff did not result from accident. There was, so far as defendant is concerned, knowledge that the chlorine gas was in the silo and would be liberated by plaintiff removing the tile therefrom, that removing the tile and liberating the chlorine gas might result in plaintiff's injury; negligence in sending plaintiff unwarned and unprotected to work in a dangerous place, a place which would subject him to the action of dangerous chlorine gas. It has long been the law that the duty is incumbent upon the employer to furnish the employee a safe place to work. *Swoboda* v. *Ward,* 40 Mich. 420 (15 Am. Neg. Cas. 752, 16 Am. Neg. Cas. 1); *Huizega* v. *Cutler & Savidge Lumber Co.,* 51 Mich. 272; *Smith* v. *Peninsular Car Works,* 60 Mich. 501 (1 Am. St. Rep. 542, 16 Am. Neg. Cas. 42). And if latent risks unknown to the servant exist of which he would not be likely to know, it is the duty of the master to warn the servant or employee of such dangers. *Chicago & N. W. R. Co.* v. *Bayfield,* 37 Mich. 205 (16 Am. Neg. Cas. 87); *Michigan Central R. Co.* v. *Smithson,* 45 Mich. 212; *Hathaway* v. *Railroad Co.,* 51 Mich. 253 (47 Am. Rep. 569); *Smith* v. *Peninsular Car Works, supra; Ribich* v. *Lake Superior Smelting Co.,* 123 Mich. 401 (48 L. R. A. 649, 81 Am. St. Rep. 215, 7 Am. Neg. Rep. 534).

In *Fox* v. *Peninsular White Lead & Color Works,* 84 Mich. 676, plaintiff sued for injuries resulting from exposure to Paris green in process of manu-

facture by which he claimed he was poisoned. There was verdict by the jury for defendant. Plaintiff brought error and the case was reversed. This court said:

"It was the duty of the defendant not only to inform the plaintiff that it was a poison, but of the effect it might produce to one working in its manufacture without taking due precaution; and the precaution necessary to be taken should have been pointed out, if known to the defendant, and all proper and reasonable appliances and facilities provided to guard against the dangers to be encountered in the employment."

In *Ribich* v. *Lake Superior Smelting Co., supra,* the charge of the trial court that whenever there is any hidden, unusual or latent danger connected with any work, the law imposes a duty on the master or employer of informing the workman or employee of the danger,—it is not enough to tell him that the work is dangerous, but the particular danger must be pointed out and explained,—was approved by four members of the court, and Justice GRANT, dissenting, said:

"The authorities are uniform, and hundreds of cases could be cited, holding that the law is that 'if there are latent defects or hazards incident to an occupation, of which the master knows, or ought to know, and which the servant, from ignorance or inexperience, is not capable of understanding and appreciating, it is the master's duty to warn or inform the servant of them.'"

. It is upon this theory the plaintiff counts in his declaration.

Plaintiff alleges he is suffering from an injury resulting from chlorine gas poisoning and under the

cases above cited may be entitled to recover upon this theory. Regardless of whether plaintiff is suffering from an occupational disease or not, he is suffering from a personal injury arising out of and in the course of his employment which was not accidental in character and, therefore, may be entitled to recover. The common-law remedy still exists as to all cases not covered by the language of the workmen's compensation act. *Trout* v. *Wickwire Spencer Steel Corp., supra; Jellico Coal Co.* v. *Adkins, supra; Smith* v. *International High Speed Steel Co., supra; Donnelly* v. *Minneapolis Manfg. Co., supra; Mathison* v. *Railway Co.,* 126 Minn. 286 (148 N. W. 71, L. R. A. 1916 D, 412); *Cox* v. *U. S. Coal & Coke Co.,* 80 W. Va. 295 (92 S. E. 559, L. R. A. 1918 B, 1118); *Barrencotto* v. *Cocker Saw Co., supra; Downing* v. *Oxweld Acetylene Co., supra; Zajkowski* v. *American Steel & Wire Co., supra.*

If this court adheres to the construction of the workmen's compensation act which it has followed for more than a quarter of a century, the department of labor and industry had no jurisdiction of plaintiff's claim. Defendant, with full knowledge of the facts, successfully maintained before that department plaintiff's injury was not accidental. Having induced the department of labor and industry to hold plaintiff's rights could not be adjudicated by it, defendant is now precluded from contending the department of labor and industry had jurisdiction to pass upon plaintiff's claim. *Jones* v. *Pashby,* 48 Mich. 634; *Patek* v. *Ryskewiecz,* 189 Mich. 344.

"A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent there-

with to the prejudice of the adverse party. It is necessary, however, that the claim or position previously asserted or taken should have been successfully maintained, that it should be actually inconsistent with the position presently taken, and that it should not have been taken through the fault of the adverse party." 21 C. J. pp. 1223–1225.

But jurisdiction may not be conferred upon a court or other tribunal by estoppel when the statute does not confer it.

The department of labor and industry correctly held, if we are to follow the uniform construction of the workmen's compensation act by this court, plaintiff suffered no accidental injuries for which compensation "is recoverable under this act" (2 Comp. Laws 1929, § 8410), and that it had no jurisdiction to hear and determine plaintiff's claim.

Plaintiff alone could not confer jurisdiction upon the department of labor and industry to determine his claim, and the consent of defendant to have the claim disposed of on its merits by the department of labor and industry would not have conferred jurisdiction upon the department. If the department was without jurisdiction, an adjudication by it upon the merits of plaintiff's claim would have been of no more binding force than an adjudication on the merits of it by a justice of the peace, circuit court commissioner or coroner.

"Jurisdiction comes only from the law, and cannot be conferred by consent, especially over the subject-matter." *People* v. *Meloche,* 186 Mich. 536.

"Parties cannot confer jurisdiction over a subject-matter by their consent upon courts from which the law has withheld it." *Maslen* v. *Anderson,* 163 Mich. 477.

Jurisdiction of the subject-matter cannot be waived or conferred by consent. Consent cannot confer jurisdiction upon, or extend the jurisdiction of, a court as to the subject-matter beyond that which the law confers. *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549).

"Jurisdiction of the subject-matter cannot be given by consent." *Allen* v. *Carpenter,* 15 Mich. 25.

If jurisdiction could be conferred upon a court or tribunal by consent of the parties and not by law, the law would be powerless to determine, define and regulate jurisdiction.

Any action taken by a tribunal which has no jurisdiction of the subject-matter of a controversy in relation thereto is a mere nullity which may be taken advantage of at any time. *Attorney General* v. *A. Booth & Co.,* 143 Mich. 89; *Tromble* v. *Hoffman,* 130 Mich. 676; *Horton* v. *Howard,* 79 Mich. 642 (19 Am. St. Rep. 198); *Woodruff* v. *Ives,* 34 Mich. 320; *Adams* v. *Hubbard,* 30 Mich. 104; *Attorney General, ex rel. Lockwood,* v. *Moliter,* 26 Mich. 444; *Farrand* v. *Bentley,* 6 Mich. 281; *Greenvault* v. *Farmers & Mechanics' Bank,* 2 Doug. (Mich.) 498.

That plaintiff erroneously attempted to take action under the workmen's compensation act which, as construed by this court, conferred no jurisdiction upon the department of labor and industry to pass upon the merits of plaintiff's claim is of no force and effect. *Jellico Coal Co.* v. *Adkins, supra; Smith* v. *International High Speed Steel Co., supra; Echord* v. *Rush, supra; Naud* v. *King Sewing Mach. Co.,* 178 App. Div. 31 (164 N. Y. Supp. 200, affirmed 223 N. Y. 567 [119 N. E. 1061]); *Partin's Adm'r* v. *Black Mountain Corp.* 237 Ky. 556 (36 S. W. [2d]

1); *Kendall Lumber Co.* v. *State of Maryland, Use of Schaffer,* 132 Md. 93 (103 Atl. 141).

"As the board of compensation had no jurisdiction of the claim, a proceeding in that tribunal did not bar an action at law, and the court did not err in so holding." *Jellico Coal Co.* v. *Adkins, supra.*

"The decision of that question, adverse to plaintiffs, did not bar their right to recover for the negligence of defendant resulting in injury not compensable under the workmen's compensation law." *Echord* v. *Rush, supra.*

In *Partin's Adm'r* v. *Black Mountain Corp., supra,* the parties stipulated deceased at the time of his injury was under the workmen's compensation act. On the hearing it was discovered he was not. It was said:

"The board should have dismissed the claim for want of jurisdiction, but instead it heard the claim on the merits and reached the conclusion that the accident did not arise out of, or in the course of, Partin's employment. * * * As the workmen's compensation board was without jurisdiction, the order entered by it was a nullity."

Substantially the same state of facts was involved and the same holding made in *Kendall Lumber Co.* v. *State of Maryland, Use of Shaffer, supra.*

See, also, 71 C. J. p. 1513.

All of these cases indicate:

"There still is a field in which the statute fails to impose liability on the part of an employer, to provide compensation for injury or death, regardless of fault; and in which an injured person may seek damages by action at law, where there has been fault." *Barrencotto* v. *Cocker Saw Co., supra.*

"It is not to be presumed that the legislature intended to deprive the injured workman of his common-law remedy, in the event that he suffered, as a result of the negligence of his employer, an occupational disease not specified in the compensation act." *Downing* v. *Oxweld Acetylene Co., supra.*

This case is distinguishable from *Beaty* v. *Foundation Co.,* 245 Mich. 256, where it was held plaintiff's decedent, working in compressed air, suffered an accident when the defective cable packing leaked air and caused his death. It was there said:

"Caisson sickness may, under some circumstances, be classed as an occupational disease, and under other circumstances be classed as an accident. Caisson workers do sometimes have the sickness under ordinary conditions and modern protective methods, and when it so happens it is occupational. But when it is caused by a fixed and single fortuitous and preventable circumstance it is not an occupational disease but an accident."

Here plaintiff was sent to do work which was periodically done in the usual and ordinary operation of its plant where he would, in the performance of such work in the usual and ordinary way, be subject to the action of chlorine gas. If he suffered personal injuries or contracted disease as a result of being subjected to the action of such gas in the usual and ordinary method of working in the usual and ordinary way, then he suffered an occupational disease. There was no sudden, fixed, single, fortuitous, unexpected cause of his injury.

This case should also be distinguished from *Dailey* v. *River Raisin Paper Co.,* 269 Mich. 443, where, under circumstances similar to those involved here, defendant and plaintiff knew of the danger and defendant furnished plaintiff a gas mask

which was damaged and useless, and it was held plaintiff suffered an accident.

In both these cases the plaintiff's injury was caused by a single, unforeseen, fortuitous and preventable circumstance, in one by a leaky cable packing and in the other by a leaky gas mask, and in each plaintiff was held to have suffered an accident. But in both cases, it is pointed out, in accordance with the general rule, that if there were no unforeseen event, no unexpected failure of protective appliances, but plaintiff's injury had been the natural result, as in this case, of the conditions under which he performed his work, the injured party would have suffered an occupational disease, not an accident.

It is claimed plaintiff is barred from maintaining suit because he attempted to recover compensation before the department of labor and industry. In *Dailey* v. *River Raisin Paper Co., supra,* the statute, 2 Comp. Laws 1929, §§ 8410, 8478, was quoted but it was held it was unnecessary to determine whether the language of these sections prevented suit where the department of labor and industry had passed upon the claim of plaintiff.

I can find nothing in the workmen's compensation act which takes away any common-law right. The remedy provided thereby is clearly exclusive when the act so provides, that is, when compensation "is recoverable under this act." 2 Comp. Laws 1929, § 8410. The act has no effect upon cases not arising under the act,—to replevin, breach of promise of marriage,—and it is doubtful if anyone would contend that if a plaintiff, possessing a good cause of action in either of the above, should erroneously present a claim therefor to the department of labor and industry, its holding it had no jurisdiction and

dismissing plaintiff's claim would prevent plaintiff from prosecuting his claim in a forum vested by law with jurisdiction to hear and determine it. And no such absurd provision is found in the workmen's compensation act. The statute purports to cover only those cases where compensation "is recoverable under this act." 2 Comp. Laws 1929, § 8410. It confers no jurisdiction, power or authority over those cases where compensation is not recoverable under the act. No agreement on the part of an employee to waive his compensation "under this act" is valid except in accordance with 2 Comp. Laws 1929, § 8436. No payment "under this act" is assignable or subject to attachment or garnishment, or can be held liable in any way for any debts. 2 Comp. Laws 1929, § 8437. Agreements for compensation "shall be approved by said board only when the terms conform to the provisions of this act." 2 Comp. Laws 1929, § 8444. Section 8478, 2 Comp. Laws 1929, applies to an employee "subject to the provisions of this act," but has no application to employees in matters not subject to the provisions of the act and the bar in cases of arbitration applies only to arbitration "under this act."

Here compensation was not recoverable under the workmen's compensation act. The department of labor and industry had no jurisdiction of plaintiff's claim. Not being under the act, there is no legal reason why the employer and employee may not settle the damages plaintiff is entitled to recover, if any; no reason why, if they cannot agree, the liability of defendant, if any, and the demand of damages may not be ascertained upon trial by verdict of a jury or a court; no reason why damages, if recovered, may not be assigned; no reason why the award of damages by a jury or a judge has to be

approved by the department of labor and industry; and no reason why the erroneous filing of a claim for compensation shall be arbitrarily construed to be a bar to the recovery of damages in a proper suit when it has already been conclusively determined the employee was not subject to the provisions of the workmen's compensation act. Certainly the legislature never intended to provide, and did not provide by 2 Comp. Laws 1929, § 8478, that a mere mistake in remedy constitutes an irrevocable election of remedies. The statute operates, and was intended to operate, only upon persons and injuries subject to the act. That plaintiff erroneously believed he was subject to the provisions of the workmen's compensation act and erroneously attempted arbitration under the act is of no consequence when he was not subject to the provisions of the act and the question sought to be arbitrated was one not arising under the act but over which the department had no jurisdiction under the act.

The judgment of the trial court should be reversed, with costs, and the case remanded with leave to plead or answer.

The late Justice NELSON SHARPE took no part in the decision of this case.