## SCHREIBER *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 44, September Term, 1967.]

426

*Decided January 8, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, McWILLIAMS and FINAN, JJ.

*Francis S. Brocato,* with whom was *Joseph S. Kaufman* on the brief, for appellant.

*Clayton A. Dietrich, Chief Assistant Solicitor,* and *Robert C. Harrison, Assistant City Solicitor,* with whom was *Joseph Allen, City Solicitor* on the brief, for appellee.

PER CURIAM.

This epilogue to *Baltimore City v. Schreiber,* 243 Md. 546, 221 A. 2d 663 (1966), must be dismissed for want of a final order or judgment from which an appeal could be taken.

In the *Schreiber* case, decided July 21, 1966, we affirmed the judgment of the Superior Court of Baltimore City entered on the inquisition returned by a condemnation jury awarding the leasehold owner (and others hereinafter referred to collectively as owners) the sum of $22,950 for several properties to be taken by the city for an urban renewal project.

Without awaiting the mandate from this Court, the city solicitor notified the owners on July 25, 1966, that the closing of the taking would be held two days later. Responding, counsel for the owners advised the city solicitor that they expected to be paid interest on the condemnation judgment from the date of the judgment *nisi* to the date of payment. At the closing, the city refused to pay interest and tendered only the amount of the judgment and the owners declined to accept the tender. Thereupon the city sought and was granted permission to pay into court the sum of $22,022.35—being the amount of the condemnation award less adjustments for taxes and other charges —pending a decision of the court as to the payment of interest and the adjustments withheld.

The lower court (Sodaro, J.) in a memorandum opinion, dated January 17, 1967, stating that the date of acquisition is fixed by the time when payment of the judgment and costs by the condemning authority is made and that the law does not require payment of interest prior to the taking, concluded that the property owners were not entitled to interest on the condemnation judgment from the date of the *nisi* thereon to the date of the payment thereof. But, apparently because of a misunderstanding as to who was to prepare and present it to the court, a final order was never signed by Judge Sodaro until December 5, 1967, more than eight months after the filing of an appeal to this Court on March 31, 1967.

In its brief, the city moved to dismiss the appeal for the reason that no final order or judgment for costs was entered by the trial court after the filing of its opinion and for the further reason that the record extract failed to comply with Maryland Rule 828 b 1(a) in that the "judgment appealed from" was not included in the record.

On December 6, 1967, the day that the case was argued in this Court, the appellant filed a motion to correct an omission

428

in the record to which was appended a "decree" signed by Judge Sodaro in which he ordered the decree to be entered *nunc pro tunc* so as "to date to January 18, 1967." The appellee, however, would not agree to the inclusion of the docket entries with regard to the passage of the *nunc pro tunc* decree in the transcript as was done in *Keystone Engineering Corp. v. Sutter,* 196 Md. 620, 78 A. 2d 191 (1951), relied on by the appellant to support its motion to correct omission in record.

Since the appeal was taken before the entry of a final order or judgment and the appellee would not accede to supplementation of the docket entries, the appeal was premature and must be dismissed. See *Kendall Lumber Co. v. State use of Shaffer,* 132 Md. 93, 100, 103 Atl. 141, 144 (1918), and cases cited therein.

Even if we were to decide the case on its merits, our conclusion would not be different from that of Judge Sodaro.

> *Motion to correct omission in record denied; motion to dismiss appeal granted; appellant to pay the costs.*